**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
(973) 624-7070 FAX
*Attorneys for Defendant*
 *Pep Boys - Manny, Moe & Jack of Delaware, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA A. SILVER, on behalf of herself and those similarly situated, | Civil Action No. _____<br>Honorable _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS** |
| PEP BOYS - MANNY, MOE & JACK OF DELAWARE, INC.; JANE AND JOHN DOES 1-10, individually and as owners, officers, directors, founders, managers, agents, employees and/or representatives of , PEP-BOYS - MANNY, MOE & JACK OF DELAWARE, INC.; and XYZ CORPORATIONS 1-10, | |
| Defendants. | |

TO:   The United States District Court for the District of New Jersey, Trenton Division

**PLEASE TAKE NOTICE** that Defendant Pep Boys - Manny, Moe & Jack of Delaware, Inc. (hereinafter "Pep Boys") is hereby removing the above-styled action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d), 1441, 1446, and/or 1453, *et. seq.* In support of this Notice, Defendant Pep Boys states:

1.   The within action, entitled *Debra A. Silver, on behalf of herself and those similarly situated v. Pep Boys - Manny, Moe & Jack of Delaware, Inc.; Jane and John Does 1-*

*10, individually and as owners, officers, directors, founders, managers, agents, employees and/or representatives of Pep Boys - Manny, Moe & Jack of Delaware, Inc.; and XYZ Corporations 1-10* was filed as a class action against Defendant Pep Boys in the Superior Court of New Jersey, Law Division, Mercer County, Docket No. MER-L-2305-16 on November 28, 2016.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1332, 1441 and 1453. By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3. Plaintiff Debra A. Silver is a citizen and resident of the State of New Jersey.

4. Defendant Pep Boys is a corporation organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania.

5. In the First Amended Class Action Complaint the Plaintiff alleges that Pep Boys violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et. seq., (the "CFA"). [First Amended Class Action Complaint at Paragraph 3 and at Count One.] The Plaintiff also alleges that Pep Boys violated the New Jersey Automotive Repair Regulations, N.J.A.C. 13:45A-26C.1 et. seq. (the "Repair Regulations"). [First Amended Class Action Complaint at Paragraph 3 and at Count Two.] Plaintiff further alleges in the First Amended Class Action Complaint as follows:

> "2. Ms. Silver believed that her local Pep Boys' store's service department provided her with the auto parts that she needed at the lowest possible prices because she received a Pep Boys' discount that lowered the prices for these auto parts. However, Ms. Silver's local Pep Boys' store's service department over charged her 50% to 80% more than she should have paid for these auto parts, exclusive of any labor charges to install these auto parts, and after application of the discount. This is because Pep Boys operated, and is still operating, a two-tiered pricing scheme that charges its website's customers one set of prices, their website's advertised

> prices for auto parts, but charged Ms. Silver, and similarly situated consumers, a second set of prices, their stores' service departments' set of prices that are charged out at a premium over their website's advertised prices, for the same exact auto parts and exclusive of any labor charges to install these auto parts. Pep Boys concealed, and is still concealing, this two-tiered pricing scheme through its failure to disclose this fact to Ms. Silver, and similarly situated consumers, and through its use of a discount applied to Ms. Silver's final bill to make it appear that she, and similarly situated consumers, received the lowest possible prices for these auto parts. Pep Boys' two-tiered pricing scheme is not only inconsistent with its public statements regarding its price matching policies, it violates New Jersey law."

[First Amended Class Action Complaint at Paragraph 2.]

6. The First Amended Class Action Complaint was filed as a putative class action under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey, which governs class actions. [First Amended Class Action Complaint at Paragraph 41.] The First Amended Class Action Complaint further specifically states that it is brought as a class action and that the Plaintiff brings the action on behalf of herself and all others similarly situated. *Id.* Accordingly, this is a "class action" as defined in 28 U.S.C. §1332(d)(1)(B).

7. The First Amended Class Action Complaint defines the class as follows:

> "All persons who, during the applicable limitations period, received a discount from any one of Defendant's forty-three stores' service departments in the state of New Jersey regarding the purchase of auto parts and who paid more than Defendant's website's advertised prices for these same exact auto parts, exclusive of any labor charge to install these auto parts.
>
> The proposed class period is the period beginning six years prior to the date of filing of this Complaint and continuing until either the alleged practices cease or a class is certified."

[First Amended Class Action Complaint at Paragraph 41.]

8. The First Amended Class Action Complaint alleges that Plaintiff and members of the Class sustained damages as a result of Defendant's alleged violation of the CFA and the

3

Repair Regulations. [First Amended Class Action Complaint at Paragraphs 29, 34 and 39]. Specifically, the First Amended Class Action Complaint alleges that the Plaintiff was overcharged by 50% to 87% for auto parts purchased at a Pep Boys store. [Id.; First Amended Class Action Complaint at Paragraph 2]. In the ad damnum to the First Amended Class Action Complaint the Plaintiff seeks the following relief against the Defendant:

> "a.  For certification of the Class for claims for money damages under the CFA and the Repair Regulations pursuant to R. 4:32-1(b)(3);
>
> b.  For certification of the Class for equitable and/or declaratory relief under the CFA and the Repair Regulations pursuant to R. 4:32-1(b)(2);
>
> c.  For actual damages;
>
> d.  For compensatory damages;
>
> e.  For treble damages, pursuant to CFA, N.J.S.A. 56:8-19;
>
> f.  For reasonable attorneys' fees, expenses and costs of suit in connection with this action pursuant to CFA, N.J.S.A. 56:8-19;
>
> g.  For nominal damages;
>
> h.  For punitive damages;
>
> i.  For a declaratory judgment that Defendant violated the CFA and the Repair Regulations promulgated thereunder;
>
> j.  For injunctive relief prohibiting Defendant from future violations of the CFA and the Repair Regulations and

       require that the Defendant comply with the CFA and the Repair Regulations;

   k. For pre-judgment and post-judgment interest; and

   l. For all other relief as the Court deems equitable and just."

[First Amended Class Action Complaint at pp. 28-29.]

  9. The Plaintiff alleges that Pep Boys operates 43 stores in the State of New Jersey. [First Amended Class Action Complaint at Paragraph 10].

  10. Although Defendant denies liability and denies that Plaintiff or the proposed Class is entitled to any monetary relief or any other relief, based upon a fair reading of this Notice of Removal together with the First Amended Class Action Complaint - - including consideration of the relief sought, the Class definition and the scope and size of the Class - - that the First Amended Class Action Complaint seeks damages to a legal certainty in excess of $5 million, exclusive of interest and costs.

  11. Specifically, given that the First Amended Class Action Complaint alleges damages in the form of overpayment for auto parts during a 6-year period sold in 43 stores located in New Jersey [First Amended Class Action Complaint at pp. 28-29], the damages sought in the First Amended Class Action Complaint, based upon Pep Boys' sales during the time period in question, each trebled under the CFA, far exceed the CAFA jurisdictional threshold minimum amount in controversy of $5 million, exclusive of interest and costs. This calculation does not take into account the claims made by Plaintiff in the ad damnum to the First Amended Class Complaint for attorney's fees, expenses and costs of suit, for punitive damages and/or for injunctive relief requiring Pep Boys in the future to sell auto parts in Pep Boys auto stores at the same price that Pep Boys sells identical auto parts on the Pep Boys' website.

12. There are millions of dollars of sales of auto parts in a single year in the 43 Pep Boys stores that Plaintiff alleges were operated in the State of New Jersey. Given the lengthy span of the relevant timeframe alleged in the First Amended Complaint of 6 years [Plaintiff's First Amended Complaint at Paragraph 41], the damages sought for the Class in the First Amended Complaint satisfies alone the amount in controversy, without even factoring in punitive damages, counsel fees and/or injunctive relief. Removal is therefore proper, because based upon a fair reading of the First Amended Class Action Complaint and the within Notice of Removal, it appears to a legal certainty that Plaintiff and Class members could recover more than $5 million exclusive of interest and costs.

13. Moreover, in addition to seeking compensatory damages, the Plaintiff in the First Amended Class Action Complaint seeks an injunction enjoining Pep Boys in the future from selling auto parts in Pep Boys stores at a higher price than Pep Boys sells identical auto parts on the Pep Boys' website, seeks punitive damages and seeks attorneys' fees [First Amended Class Action Complaint at pp. 28-29].

14. Therefore, based on the allegations of the First Amended Class Action Complaint, and/or the damages and relief sought by the Plaintiff in the ad damnum to the First Amended Class Action Complaint, it appears to a legal certainty that the aggregate value of the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and thus diversity jurisdiction exists under CAFA.

15. Service of the Summons and the First Amended Class Action Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon Defendant Pep Boys' agent for service of process on December 5, 2016. This was the first service of a Summons and Complaint on Defendant Pep Boys.

ME1 23859405v.1

16.  Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings received by Defendant Pep Boys are attached hereto as Exhibit A (Summons, Track Assignment Notice, Civil Case Information Statement and First Amended Class Action Complaint). There were no other process, pleadings or orders served upon, or otherwise received by, Defendant Pep-Boys or its attorney.

17.  Copies of this Removal Petition are simultaneously being served upon counsel for all parties of record and the State Court from which this action was removed.

WHEREFORE, Defendant Pep Boys - Manny, Moe & Jack of Delaware, Inc. prays that this cause proceed in this Court as an action properly removed thereto.

This 3 day of JANUARY, 2017.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
  Pep Boys - Manny, Moe & Jack of Delaware, Inc.

By: /s/

David R. Kott
A Member of the Firm